UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOORISH AMERICAN NATION; TERRY D.
ARMSTRONG-EL; THOMAS WILLIAM
MITCHELL-ZULU; JOSEPH C. McGHEE-BEY;
CHATON J. MAULTSBY-EL; JOSEPH M.
McGHEE-BEY; JOY L. McGHEE-BEY,

                              Plaintiffs,

                -against-

UNITED STATES OF AMERICA; UNITED
STATES SUPREME COURT; UNTED STATES
CONGRESS,

                              Defendants.

1:21-CV-6396 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Joseph C. McGhee-Bey, who is currently held in the Greensboro Detention

Center, in Greensboro, North Carolina, and Plaintiffs Terry D. Armstrong-El, Thomas William

Mitchell-Zulu, Chaton J. Maultsby-El, Joseph M. McGhee-Bey, and Joy L. McGhee-Bey, some

of whom may also be held in that facility, filed this action *pro se*.[1] Plaintiffs have neither paid the

fees to bring this action nor filed applications to proceed *in forma pauperis* ("IFP") and prisoner

authorizations. Plaintiffs Joseph M. McGhee-Bey and Joy L. McGhee-Bey have not signed the

complaint.

For the reasons discussed in this order, the Court dismisses the claims brought on behalf

of the Moorish American Nation without prejudice. The Court directs Plaintiff Joseph

C. McGhee-Bey, within 30 days, to either pay the $402 in fees to bring this action or show cause

by declaration why the Court should not consider him barred under 28 U.S.C. § 1915(g), the

---

[1] The Moorish American Nation is also named as a plaintiff.

Prison Litigation Reform Act's three-strikes provision, from proceeding with this action IFP and dismiss his claims without prejudice. The Court also: (1) directs Plaintiffs Joseph M. McGhee-Bey and Joy L. McGhee-Bey, within 30 days, to each sign and resubmit a copy of the complaint's signature page; (2) severs the claims of Plaintiffs Terry D. Armstrong-El, Thomas William Mitchell-Zulu, Chaton J. Maultsby-El, Joseph M. McGhee-Bey, and Joy L. McGhee-Bey from this action and directs the Clerk of Court to open a new civil action for each of those plaintiffs; and (3) directs that, to pursue their separate civil actions, *each* of the individual plaintiffs, including Plaintiffs Terry D. Armstrong-El, Thomas William Mitchell-Zulu, Chaton J. Maultsby-El, Joseph M. McGhee-Bey, and Joy L. McGhee-Bey, must, within 30 days, either (a) pay $402 in fees or (b) complete, sign, and submit an IFP application and, if incarcerated, a prisoner authorization.

## DISCUSSION

### A.    The Moorish American Nation

The Court must dismiss any claims brought on behalf of the Moorish American Nation. The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). "The statute does not permit 'unlicensed laymen to represent anyone else other than themselves.'" *Id.* (quoting *Eagle Assocs.*, 926 F.2d at 1308). "This rationale 'applies equally to all artificial entities.'" *Id.* (quoting *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993)); *see also Rowland*, 506 U.S. at 202-03 (noting that all artificial entities, including corporations, partnerships, and associations may only appear in federal court through counsel).

2

None of the individual plaintiffs have alleged that he or she is an attorney. Accordingly, because each of the individual plaintiffs may only represent themselves *pro se*, the Court dismisses any claims that any of the individual plaintiffs assert on behalf of the Moorish American Nation without prejudice.

**B.**     **Plaintiff Joseph C. McGhee-Bey**

The Prison Litigation Reform Act (PLRA) added the following three-strikes provision to the IFP statute:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Court finds that Plaintiff Joseph C. McGhee-Bey has accumulated three strikes under the PLRA, and he is therefore barred under Section 1915(g) from filing any federal civil action IFP. *See Moorish Am. Nation v. Obama*, No. 5:12-CT-3068 (E.D.N.C. Apr. 3, 2012) (dismissed as frivolous); *McGhee v. Person Cnty. Court*, 1:13-CV-0266 (M.D.N.C. June 4, 2013) (dismissed as frivolous or for failure to state a claim on which relief may be granted); *McGhee v. United States*, 1:13-CV-0347 (M.D.N.C. July 17, 2013) (same). Because Plaintiff Joseph C. McGhee-Bey appears to be barred under Section 1915(g), unless he was "under imminent danger of serious physical injury" at the time that the complaint was filed, he must pay the relevant fees to bring this action.

The complaint does not allege any facts suggesting that Plaintiff Joseph C. McGhee-Bey was under imminent danger of serious physical injury at the time that the complaint was filed.[2]

---

[2] An imminent danger is not one "that has dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); rather, it must be one "existing at the

Instead, it asserts claims on behalf of the Moorish American Nation and, among other claims, insists that members of that organization are not subject to the laws of the United States of America.

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to a litigant. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of a dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). Within 30 days, Plaintiff Joseph C McGhee-Bey must pay the $402 in fees to bring this action or, if he wishes to proceed IFP, he must show cause by declaration that, while he has been a prisoner, he has not filed three or more federal civil actions or appeals that were dismissed as malicious, frivolous, or for failure to state a claim on which relief may be granted. If Plaintiff Joseph C. McGhee-Bey fails to pay the fees, and if he fails to show that he is not barred under Section 1915(g), the Court will regard him as barred under that statute from filing federal civil actions IFP while he is a prisoner and will dismiss his claims without prejudice.[3]

## C.   Plaintiffs Terry D. Armstrong-El, Thomas William Mitchell-Zulu, Chaton J. Maultsby-El, Joseph M. McGhee-Bey, and Joy L. McGhee-Bey

Generally, Rule 20 of the Federal Rules of Civil Procedure allows multiple plaintiffs to join in one action if: (1) they assert any right to relief jointly, severally, or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) if any question of law or

---

time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

[3] Plaintiff Joseph C. McGhee-Bey is not barred from filing future federal civil actions as long as he prepays the fees to bring those actions.

fact in common to all plaintiffs will arise in the action. *See* Fed. R. Civ. P. 20(a)(1): *Kalie v. Bank of Am. Corp.*, No. 1:12-CV-9192, 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (Courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit'" (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979))).

Courts have the authority to deny joinder, or to order severance under Rule 21 of the Federal Rules of Civil Procedure, even without a finding that joinder is improper, if joinder "will not foster the objectives of the rule, but will result in prejudice, expense or delay." *Rose v. New York*, No. 21-CV-3164, 2021 WL 1857342, at *1 (S.D.N.Y. May 7, 2021) (quoting Wright & Miller, 7 Fed. Prac. & Proc. § 1652 (3d ed.) (internal quotation marks and citations omitted); *see Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) (Rule 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance"); *Ghaly v. U.S. Dep't of Agric.*, 228 F. Supp. 2d 283, 292 (S.D.N.Y. 2002) (noting that "district courts have broad discretion to decide whether joinder is appropriate, even when the requirements of Rule 20(a) have been met").

In determining whether to deny joinder or order severance of parties, courts consider the requirements of Rule 20 and additional factors, "including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Rose*, 2021 WL 1857342, at *1 (quoting *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (internal quotation marks omitted, considering motion to sever under Rules 20 and 21); *see also Laureano v. Goord*, No. 1:06-CV-7845, 2007 WL 2826649, at *8 (SD.N.Y. Aug. 31, 2007) (when

considering severance, "courts should be guided by 'considerations of convenience, avoidance of prejudice to the parties, and efficiency'" (quoting *Hecht v. City of New York*, 217 F.R.D. 148, 150 (S.D.N.Y. 2003))), *report & recommendation adopted*, 2007 WL 2852770 (S.D.N.Y. Sept. 28, 2007).

The complaint asserts claims on behalf of the Moorish American Nation and, among other claims, insists that members of that organization –apparently including at least some of the individual plaintiffs –are not subject to the laws of the United States of America. Some of the individual plaintiffs are held in the Greensboro Detention Center, but some may not be. Two of the individual plaintiffs have not signed the complaint. Thus, it is unclear whether all the individual plaintiffs are members of the Moorish American Nation or are all asserting the claims made in the complaint. Because of that, it is also unclear whether all the individual plaintiffs' claims arise out of the same transactions or occurrences or involve common questions of law or fact.

But even if all the individual plaintiffs' claims were properly joined, the Court finds that the practical realities of managing this *pro se* multi-plaintiff litigation militate against adjudicating the individual plaintiffs' claims in one action. As discussed above, a *pro se* litigant who is not an attorney may appear only on his or her own behalf; the litigant may not assert another's claims. *See Lattanzio*, 481 F.3d at 139. In addition, Rule 11(a) of the Federal Rules of Civil Procedure requires that every pleading, written motion, or other paper be signed personally by every party who is unrepresented. *See* Fed. R. Civ. P. 11(a). Thus, if this action were to proceed with all of the individual plaintiffs' claims joined, each individual plaintiff would be required to sign every motion, notice, or other submission to be filed. But because not every individual plaintiff may be currently held in the Greensboro Detention Center, and because those

6

that are held in that facility may be transferred to another facility or released at any time, the

individual plaintiffs would have, at best, only a very limited opportunity to discuss case strategy,

share discovery, or even provide each other with copies of any submissions that they intend to

file with the court. This can result in piecemeal submissions, delays, and missed deadlines.

*Cf. McPhearson v. N.Y.S. Dep't of Corr. & Cmty. Supervision*, No. 17-CV-2531, 2018 WL

10128029, at *3 (S.D.N.Y. June 19, 2018) (severing a *pro se* action brought by multiple prisoners

into individual actions under Rule 21 because if not severed, "piecemeal and contradictory

submissions, delays, and missed deadlines [would] continue to obstruct the progress of [that]

action, . . . would result in unfairness to Plaintiffs and [would] not serve the ends of judicial

economy"); *Perkins v. City of New York*, No. 1:14-CV-3779, 2014 WL 5369428, at *1 (S.D.N.Y.

Oct. 20, 2014) (severing a *pro se* action brought by multiple prisoners into individual actions

under Rule 21 because of the "many infirmities in the Complaint," security considerations, and

the plaintiffs' likely inability to jointly litigate the action because they were housed in different

facilities or given limited opportunities to associate).

      Because of these logistical issues, the Court concludes that allowing this action to

proceed with multiple individual plaintiffs would not be fair to the individual plaintiffs and

would not achieve judicial economy. Allowing each individual plaintiff to proceed separately, on

the other hand, will facilitate the fair and efficient disposition of the litigation.

      Accordingly, the Court severs the claims of Plaintiffs Terry D. Armstrong-El, Thomas

William Mitchell-Zulu, Chaton J. Maultsby-El, Joseph M. McGhee-Bey, and Joy L. McGhee-

Bey from this action and from each other; the claims of Plaintiff Joseph C. McGhee-Bey will

remain in this action. The Clerk of Court will open a new civil action for each of the severed

plaintiffs, and will docket copies of the complaint (ECF 1) and this order in each of the new civil actions.

**D.      Paying the fees or proceeding IFP**

To proceed with a civil action in this court, each individual plaintiff must either pay a total of $402 in fees – a $350 filing fee plus a $52 administrative fee – or, to request authorization to proceed without prepayment of fees, sign and submit a separate IFP application. *See* 28 U.S.C. §§ 1914, 1915. If a plaintiff is incarcerated, he or she must also complete, sign, and submit a separate prisoner authorization along with their IFP application. *See id.* If the Court grants a prisoner's IFP application, the PLRA requires the court to collect the $350 filing fee in installments deducted from the prisoner's prison trust fund account. *See* § 1915(b)(1). A prisoner seeking to proceed in this court without prepayment of fees must therefore authorize the court to withdraw these payments from his or her prison trust fund account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350 filing fee[4] from the prisoner's prison trust fund account in installments and to send to the court certified copies of the prisoner's prison trust fund account statements for the past six months. *See* § 1915(a)(2), (b).

Here, the individual plaintiffs submitted the complaint without paying the fees or filing separate completed and signed IFP applications and prisoner authorizations. Within 30 days, the individual plaintiffs must *each* either pay $402 in fees or each submit separate completed and signed IFP applications. If any of the individual plaintiffs is incarcerated, that plaintiff must also submit a completed and signed prisoner authorization along with their IFP application. The

---

[4] The $52 administrative fee for filing a federal civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

individual plaintiffs must indicate the docket number of their separate civil action when paying

the fees or submitting an IFP application (and if necessary, a prisoner authorization).

**E.      Plaintiffs Joseph M. McGhee-Bey and Joy L. McGhee-Bey**

Plaintiffs Joseph M. McGhee-Bey and Joy L. McGhee-Bey did not sign the complaint. As

discussed above, Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very

pleading, written motion, and other paper must be signed by at least one attorney of record in the

attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a);

*see* Local Civil Rule 11.1(a). The Supreme Court of the United States has interpreted Rule 11(a)

to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker*

*v. Montgomery*, 532 U.S. 757, 764 (2001).

The Court directs Plaintiffs Joseph M. McGhee-Bey and Joy L. McGhee-Bey, within 30

days, to each sign and resubmit a separate copy of the complaint's signature page. Plaintiffs

Joseph M. McGhee-Bey and Joy L. McGhee-Bey must each indicate the docket number of their

separate civil action on their signed signature page.

## CONCLUSION

The Court dismisses any claims brought on behalf of the Moorish American Nation

without prejudice.

The Court directs Plaintiff Joseph C. McGhee-Bey, within 30 days of the date of this

order, to either pay the $402 in fees to bring this action or show cause by declaration why the

Court should not consider him barred under 28 U.S.C. § 1915(g) from proceeding with this

action IFP. A declaration form is attached to this order. If Plaintiff Joseph C. McGhee-Bey does

not pay the fees, and if he fails to show cause, the Court will regard him as barred under Section

1915(g) and will dismiss his claims without prejudice.

The Court severs the claims of Plaintiffs Terry D. Armstrong-El, Thomas William Mitchell-Zulu, Chaton J. Maultsby-El, Joseph M. McGhee-Bey, and Joy L. McGhee-Bey from this action and from each other. The Court directs the Clerk of Court to open new civil actions for each of those plaintiffs. The Court also directs the Clerk of Court to docket copies of the complaint (ECF 1) and this order in each of those new civil actions.

The Court further directs each individual plaintiff, including Plaintiffs Terry D. Armstrong-El, Thomas William Mitchell-Zulu, Chaton J. Maultsby-El, Joseph M. McGhee-Bey, and Joy L. McGhee-Bey, within 30 days of the date of this order, to either (1) pay $402 in fees to proceed with their separate civil action, or (2) complete, sign, and submit a separate IFP application. If any of the individual plaintiffs is incarcerated, that plaintiff must also complete, sign, and submit a prisoner authorization along with their IFP application. An IFP application form and a prisoner authorization form are attached to this order.

In addition, the Court directs Plaintiffs Joseph M. McGhee-Bey and Joy L. McGhee-Bey, within 30 days of the date of this order, to each sign and resubmit a separate copy of the complaint's signature page. A copy of the signature page is attached to this order.

Any submissions filed by Plaintiffs Terry D. Armstrong-El, Thomas William Mitchell-Zulu, Chaton J. Maultsby-El, Joseph M. McGhee-Bey, or Joy L. McGhee-Bey must list the docket number of their new civil action on the submission; the new docket number may be found on the first page of this order (not 1:21-CV-6396 (LTS)). Any fee payments made by any of those plaintiffs must be paid as to his or her new civil action; the new corresponding docket number may be found on the first page of this order (not 1:21-CV-6396 (LTS)).

The Clerk of Court is directed to mail a copy of this order to each of the plaintiffs at the Greensboro Detention Center and note service on the docket.

10

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  August 23, 2021
        New York, New York

                                        /s/ Laura Taylor Swain
                                   _____
                                        LAURA TAYLOR SWAIN
                                   Chief United States District Judge